# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY INGMANSON,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>AVON PRODUCTS, INC., et al.,<br><br>　　　　　　　　　　Defendant. | Case No. 11cv1606 BTM (WMc)<br><br>**ORDER REMANDING CASE** |

  On June 16, 2011, Plaintiff Sally Ingmanson filed a complaint against Defendant Avon Products, Inc., bringing claims of negligence, strict products liability, failure to warn, and breach of implied warranty based on chemical burns allegedly suffered as a result of using Defendant's skin product. Defendant was served on June 21, 2011, and timely filed a Notice of Removal on July 21, 2011, pursuant to 28 U.S.C. § 1446(b). For the reasons set forth below, the Court hereby REMANDS this case to the Superior Court of California, San Diego County.

  The defendant seeking removal bears the burden of proving the facts to support jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). In determining whether it has jurisdiction under 28 U.S.C. § 1332, the Court

may consider facts contained in the removal petition, as well as "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 690 (9th Cir. 2006). The amount in controversy may include punitive damages where, as here, they are recoverable as a matter of state law. See <u>Gibson v. Chrysler Corp.</u>, 261 F.3d 927, 945 (9th Cir. 2001).

In support of its removal petition, Defendant submits a letter from Plaintiff's counsel, sent to Defendant before the initiation of this litigation, "requesting $10,000 for compensation for [Plaintiff's] injuries." (Donohue Decl. Ex. A.) Defendant urges that the Court add an additional $10,000 in estimated accrued attorneys' fees and a maximum punitive damage award of $90,000 to the amount in controversy. (Def. Mem. at 3.) The Court assumes without deciding that Defendant's estimates of $10,000 in compensatory damages and $10,000 in attorneys' fees are accurate. Even so, Defendant fails to carry its burden.

To support its assertion that the claim for punitive damages pushes the amount in controversy over $75,000, Defendant cites to four "jury awards in personal injury and products liability actions[.]" (Def. Mem. at 2.) These four cases, however, do not appear to be analogous. The first, second, and fourth[1] all involve multi-million dollar punitive damage awards in cases where the juries found (or evidence was presented) that the defendants had actual or constructive knowledge of grave danger posed by their products and failed to prevent the harm. There are no facts presently before the court suggesting that Defendant had actual or constructive knowledge that the skin product at issue caused chemical burns, or that the chemical burns were likely to result in grave injury or death. In the third case cited by Defendant, <u>Mary C. v. Confidential</u>, 3 Trials Digest 9th 22, 2005 WL 3677226 (Super. Ct. San Diego Dec. 1, 2005), the parties reached a pre-verdict settlement agreement pursuant to which Defendant paid $100,000 in punitive damages and no compensatory damages at all–a *highly unusual result*, as Plaintiff's counsel commented that "this is the first time he has

---

[1]<u>Mraz, et al. v. DaimlerChrysler, Inc.</u>, Case No. BC332487, 2007 WL 1039295 (Super. Ct. Los Angeles Mar. 5, 2007); <u>Garza v. Asbestos Corp.</u>, Case No. 438144, 2006 WL 2547862 (Super. Ct. San Francisco Jul. 11, 2006); <u>Dean v. Chrysler Corp.</u>, Case No. 782213, 38 Trials Digest (TD) 09378, 1986 WL 795015 (Super. Ct. San Francisco Aug. 1, 1986).

ever seen a product manufacturer pay [a] punitive damages settlement pre-verdict." 3 Trials Digest 9th at 22.  In sum, these cases are not directly analogous to the case at bar, and "[D]efendant has made no effort to compare the facts of [its] cases with the alleged facts of this case." <u>Conrad Associates v. Hartford Acc. & Indem. Co.</u>, 944 F. Supp. 1196, 1201 (N.D. Cal. 1998) (granting plaintiff's motion for remand, where defendant argued that punitive damages satisfied jurisdictional amount, because Defendant's case citations failed to support likelihood of large punitive damages award in the case before the court).  As stated by the district court in <u>Haisch v. Allstate Insurance Co.</u>, 942 F. Supp. 1245, 1248 (D. Ariz.1996):

> It would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies faced with allegations of fraud.  As Plaintiff points out, Defendant has failed to articulate why the *particular facts* that are alleged in the instant case might warrant extraordinary damages.

(Emphasis added.)

The Court holds that Defendant's speculative assertion that Plaintiff could recover $90,000 in punitive damages on a $10,000 compensatory damages claim is insufficient to carry Defendant's burden of proving, by a preponderance of the evidence, that Plaintiff's claims exceed the jurisdictional minimum, particularly in light of Defendant's failure to point to facts supporting the likelihood of a large punitive damages award in this case.  "To find otherwise would in effect automatically transform every state claim where punitive damages are requested into a federal claim when diversity of citizenship exists." <u>McFadden v. State Farm Ins. Co.</u>, No. Civ. A. 99-1214, 1999 WL 715162, at *5 (E.D. Pa. Sept. 15, 1999) (remanding removed case for failure to satisfy amount in controversy requirement where plaintiff sought $16,550 in compensatory damages, and defendant argued that punitive damages claim covered the balance of amount in controversy requirement).

Defendant argues in the alternative that the Court should permit limited jurisdictional discovery, citing "procedural barriers" to establishing the amount in controversy prior to remand. Any perceived procedural barriers are of Defendant's own making, since Defendant elected to "remove[] the case prior to the opportunity to request" a "statement of damages" under California Code of Civil Procedure § 425.11.  (Def. Mem. at 3.)   The type of

jurisdictional discovery Defendant seeks is clearly available at the state court level, and the proper procedure for Defendant is to seek evidence supporting jurisdiction *prior to* attempting removal.[2]

Lastly, Defendant claims that remanding Plaintiff's case "prior to Avon's ability to discover additional evidence in support of its removal would unduly prejudice Avon." (Def. Mem. at 4.)  Defendant's claim of prejudice is unsupported.  Defendant can conduct jurisdictional discovery in state court, and may file a notice of removal pursuant to 28 U.S.C. § 1446(b) "within thirty days after the receipt [of any] paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 . . . more than 1 year after commencement of the action."  In other words, Defendant has until June 2012 to conduct discovery in state court, to attempt to find evidence that this case is removable, and to file a second notice of removal, if appropriate.

For the reasons set forth above, the Court hereby REMANDS this case to the Superior Court of California, San Diego County.

**IT IS SO ORDERED.**

Dated: October 25, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge

---

[2] See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 691-92 (9th Cir. 2006) ("Once in federal court, Dow failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies. On these facts, it is well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal. Doing so avoids encouraging the sort of premature removal presented to us here."); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) ("By assuring that removal occurs once the jurisdictional facts supporting removal are evident, we also ensure respect for the jurisdiction of state courts.").